**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ASHLEY ALLEN, individually and on
behalf of all others similarly situated,

      Plaintiff,

                              Case No. 3:21-cv-178-MMH-JRK

vs.

JACKSONVILLE UNIVERSITY,

      Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on February 23, 2021, by filing a seven-count Class Action Complaint (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the

sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Counts Two through Seven of the Complaint incorporate by reference all allegations of all the preceding counts. See Complaint at 25-33.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e

have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). Accordingly, the Court will strike the Complaint and direct Plaintiff to file a corrected complaint.

In addition, the Court notes that Plaintiff invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because "at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." See Complaint ¶ 5. In support, Plaintiff alleges that she is a citizen of California, id. ¶ 1, and Defendant Jacksonville University is "an institution of higher learning located in Jacksonville, Florida," id. ¶ 2. However, upon review of these allegations, the Court finds that Plaintiff has inadequately pled the citizenship of Jacksonville University. Indeed, "Section 1332 does not mention institutions of higher learning." See Mallory & Evans Contractors & Engrs, LLC v. Tuskegee Univ., 663 F.3d 1304 (11th Cir. 2011). Although it appears likely that class action diversity jurisdiction will be easily met, because the Court is striking the Complaint and directing Plaintiff to file a corrected complaint as stated above, the Court will also direct Plaintiff to correct the jurisdictional allegation regarding Defendant's citizenship to clarify the record in the event of an appeal.

Accordingly, it is hereby

**ORDERED**:

1. The Class Action Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **March 12, 2021**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on February 26, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

4