**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ASHLEY ALLEN, individually and
on behalf of all others similarly
situated,

        Plaintiff,

v.

Case No. 3:21-cv-178-MMH-LLL

JACKSONVILLE UNIVERSITY,

        Defendant.

## ORDER

**THIS CAUSE** is before the Court on Defendant Jacksonville University's (JU) Motion to Stay the Case Pending Resolution of Dispositive Motion. (Doc. 12; Motion to Stay). Plaintiff Ashley Allen filed a Response in Opposition on May 27, 2021. (Doc. 18; Allen's Response in Opposition). Accordingly, this matter is ripe for review.

## BACKGROUND

In early 2020, the COVID-19 pandemic upended daily life. As infection rates climbed, JU—a private university—moved classes online, closed campus facilities, and encouraged students to leave their residence halls. See Corrected Class Action Complaint (Doc. 6; Complaint) ¶¶ 23, 28–31.

Plaintiff Ashley Allen was a JU student at the time. Id. ¶ 1. Allen subsequently sued JU on behalf of all students who paid tuition and fees for the spring 2020 semester. Id. According to Allen, JU's response to COVID-19 violated various contracts that existed between the school and the students. Id. ¶¶ 94, 128, 147, 150. She also alleges that JU was unjustly enriched when it retained the students' tuition and fee payments. Id. ¶¶ 103, 134, 155. Finally, Allen contends that JU violated Florida's Deceptive and Unfair Trade Practices Act. Id. ¶ 167.

JU moved to dismiss Allen's Amended Complaint on May 14, 2021. (Doc. 11; Motion to Dismiss). On the same day, JU moved to stay the case pending resolution of the Motion. (Doc. 12; Motion to Stay). JU asserts that a stay is warranted because the claims will likely be dismissed, and a stay will prevent costly discovery. Id. at 5–6, 11, 14. Allen counters that the routine burdens of discovery do not justify a stay. See Allen's Response in Opposition at 3. She also argues that a stay would prejudice both her and the putative class by delaying relief. Id. at 7.

JU also asked the Court to defer ruling on the Motion to Dismiss until HB 1261—a bill granting broad immunity to educational institutions—was presented to the Governor and signed into law. See Motion to Stay at 11. JU argued that the stay was necessary so the parties could fully brief the law in

connection with this case. Id. HB 1261 was signed into law on June 29, 2021, and both parties have fully briefed the issue. (Doc. 36; JU's Supplemental Brief); (Doc. 38; Allen's Supplemental Brief). In Allen's Supplemental Brief, she challenges the constitutionality of Florida Statute section 768.39. Specifically, Allen argues that section 768.39 violates the Contracts Clause and the Due Process Clause of the United States Constitution, and the Contracts Clause and right of access to courts in the Florida Constitution. See Allen's Supplemental Brief at 1–11, 14–17.[1]

## DISCUSSION

District courts are vested with broad discretion to stay proceedings. Gibson v. Comm'r of Soc. Sec., No. 6:21-cv-810-GKS-LRH, 2021 WL 5926348, at *1 (M.D. Fla. July 14, 2021) (staying entire case because of a backlog caused by COVID-19); Murdock v. Santander Consumer USA Inc., No. 2:15-cv-268-SPC-CM, 2016 WL 3913135, at *2 (M.D. Fla. July 20, 2016) (finding that "a stay of the entire case will promote judicial economy and efficiency"). Pursuant to their authority, district courts may stay proceedings as a means of managing their dockets. Lewis v. Abbott Labs., Inc., No. 6:19-cv-909-GAP-LHP, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2, 2019); see also Dietz v. Bouldin, 579 U.S. 40,

---

[1] The constitutional issue is also discussed in JU's Supplemental Brief (Doc. 36) and JU's Reply to Allen's Supplemental Brief. (Doc. 43).

47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Additionally, in appropriate circumstances, courts may enter a stay to promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. Terec v. Reg'l Acceptance Corp., No. 8:16-cv-2615-JSM-MAP, 2017 WL 662181, at *1 (M.D. Fla. Feb. 17, 2017) (citing Rodriguez v. DFS Servs., LLC, No. 8:15–cv–2601-JSM-TBM, 2016 WL 369052, at *2 (M.D. Fla. Feb. 1, 2016)). So long as the scope of a stay is limited and a reasonable justification is provided, courts do not abuse their discretion by granting a stay. Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).

Here, the Court need not address the arguments presented by the parties in favor and in opposition of a stay because the Court finds that the procedural posture of the case warrants a stay. Notably, Rule 5.1(a) of the Federal Rules of Civil Procedure, requires a party "drawing into question the constitutionality of a … state statute" to "promptly" file a notice of the constitutional question and identify the paper that raises the question. Fed. R. Civ. P. 5.1(a)(1)(B). The party must then serve the notice on the state attorney general. Fed. R. Civ. P. 5.1(a)(2). The court is also obligated to certify the

constitutional question to the state attorney general. Fed. R. Civ. P. 5.1(b).[2] After the notice is filed or certification is made, whichever is earlier, the attorney general has sixty days to intervene and present "argument[s] on the question of constitutionality." Fed. R. Civ. P. 5.1(c); 28 U.S.C. § 2403(b). During the sixty-day period, the court "may not enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c).

In the months following the filing of Allen's Supplemental Brief in which she challenges the constitutionality of Florida Statute section 768.39, Allen failed to file a notice of the constitutional question with the Court, as required by Rule 5.1(a)(1). She also failed to give notice to Florida's Attorney General as required by Rule 5.1(a)(2). As a consequence of Allen's failure to comply with her obligations under Rule 5.1(a), the Court's obligation under Rule 5.1(b) remains outstanding. On March 22, 2022, the Court brought this issue to the parties' attention. (Doc. 51). According to Allen, one day later, she provided the Attorney General notice pursuant to Rule 5.1(a)(2).[3] (Doc. 54; Plaintiff's Notice of Rule 5.1(a) Requirements). And by this Order, the Court discharges its notice

---

[2] Pursuant to 28 U.S.C. § 2403(b), if the constitutionality of a state statute is challenged in an action to which the state is not a party, the Court "shall certify such fact to the attorney general of the State" and permit the attorney general an opportunity to intervene.

[3] Allen still has not actually complied with Rule 5.1(a). Nor did she make any effort to explain the reason for her failure to satisfy the requirements of Rule 5.1 in a timely manner. The Court also cannot determine whether Allen gave proper notice to the Florida Attorney General because Allen failed to provide the Court a copy of the documents she sent.

obligation pursuant to Rule 5.1(b). As such, the Florida Attorney General now has at least 60 days to decide whether to intervene and present arguments on the constitutionality of Florida Statute section 768.39. See Fed. R. Civ. P. 5.1(c) (stating that the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, "whichever is earlier").

In light of the need to provide the Attorney general at least 60 days to determine whether she wishes to intervene in this action, the Court finds that a stay is justified. See Espinoza v. Galardi S. Enters., Inc., No. 14-21244-CIV-GOODMAN (S.D. Fla. June 19, 2017) (Doc. 261) (temporarily staying a case pending the possible intervention of the Florida Attorney General); King v. Lumpkin, No. 1:11-cv-0549-WSD, 2012 WL 12888676, at *8 (N.D. Ga. Feb. 13, 2012) (staying a case so the parties could notify the state attorney general of the constitutional challenge and the court could certify the question); Lucarelli v. Hershey Co., No. C07-1314RSM, 2007 WL 3010425, at *2 (W.D. Wash. Oct. 11, 2007) (staying all proceedings pending a decision by the attorney general of whether he will intervene). As such, the Court will grant the Motion to Stay, albeit for reasons other than those urged by JU. A stay in this case is necessary and proper to comply with the requirements of Rule 5.1 and 28 U.S.C. § 2403.

Accordingly, it is

**ORDERED:**

1. Defendant JU's Motion to Stay (Doc. 12) is **GRANTED**. All proceedings in the matter are stayed until **May 31, 2022**, pending the possible intervention of the Florida Attorney General.

    a. Pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403, the Florida Attorney General is granted leave to intervene in this action for purposes of presenting evidence and argument on the constitutional question.

    b. On or before **May 31, 2022**, the Attorney General shall notify the Court by appropriate filing whether it intends to intervene. The Court advises the Attorney General that after May 31, 2022, the Court will not delay this case while waiting for intervention.

2. The Court **CERTIFIES** to the Attorney General for the State of Florida, Ashley Moody, that the constitutionality of Florida Statute section 768.39 has been challenged. The Clerk of Court is **DIRECTED** to immediately transmit Allen's Notice (Doc. 54), along with copies of JU's Supplemental Brief (Doc. 36), Allen's Supplemental Brief (Doc. 38) and JU's Reply (Doc. 43), to Florida

- 8 -

>Attorney General Ashley Moody, by certified mail, return receipt requested, at the Office of the Attorney General, State of Florida, PL-01 The Capitol, Tallahassee, Fl. 32399-1050.

3. The Clerk of Court is **DIRECTED** to terminate any pending motions and administratively close the file until **May 31, 2022**.

**DONE** and **ORDERED** in Jacksonville, Florida this 29th day of March, 2022.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record